# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CATHERINE M. DAVIS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Cause No. 1:14-cv-657-WTL-DML ) |
| UNITED RECOVERY SYSTEMS, LP, a Texas limited partnership, | ) ) ) |
| Defendant. | ) ) |

## ENTRY ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This cause is before the Court on Defendant's motion for judgment on the pleadings (dkt. no. 17). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

## I. STANDARD

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court applies the same standard that is applied when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). The Court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id.* The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While there is no need for detailed factual allegations, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta*, 499 F.3d at 633 (citation omitted).

## II. PLAINTIFF'S ALLEGATIONS AND PROCEDURAL BACKGROUND

This matter involves an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff Catherine M. Davis received a form debt collection letter from Defendant United Recovery Systems ("URS") demanding payment of $1,854.80 on a delinquent Capital One credit card account. The letter, dated July 2, 2013, also contained the following statement: "Because your account may accrue interest, late charges and other charges that may vary from day to day, the amount due on the date you pay may be greater. If you pay the amount above an adjustment may be necessary after we receive your check." Compl. at ¶ 7. Thereafter, Davis received a second letter from URS dated August 29, 2013, indicating that her total debt was still $1,854.40. Thus, no interest had accrued on her debt.

Davis filed suit against URS on April 28, 2014, alleging that the statement in URS's demand letter warning of potential interest violated § 1692e of the FDCPA.[1] Specifically, Davis alleged that "by stating, in its July 2, 2013 collection letter . . . , that [interest may accrue] . . . , when in fact, the debt was not accruing any interest or charges," URS made a false statement in violation of the FDCPA. *Id.* at ¶ 12. URS filed its answer to Davis' complaint on June 6, 2014, and on July 18, 2014, URS moved for judgment on the pleadings.

## III. DISCUSSION

URS argues that Davis' claim is foreclosed by the Seventh Circuit's decision in *Taylor v. Cavalry Inv., LLC*, 365 F.3d 572 (7th Cir. 2004), which was consolidated with *Schletz v. Acad. Collection Serv., Inc.*, a case involving facts very similar to the present matter. In the *Schletz* case, Academy Collection Service ("ACS") was hired to collect credit card debt owed by the

---

[1] Section 1692e provides, in pertinent part, that a debt collector cannot use "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

2

three plaintiffs. ACS sent each plaintiff a letter which included the following statement: "[I]f applicable, your account may have or will accrue interest at a rate specified in your contractual agreement with the original creditor." *Id.* at 574. The credit card company, however, continued accruing interest against only one of the plaintiffs. "In the case of the other two plaintiffs, the creditors closed their accounts and upon doing so stopped adding interest, though presumably they could have continued doing so until the debts were paid." *Id.*

In filing suit, the three plaintiffs argued that the interest statement in their dunning letters was confusing, and thus violated the FDCPA. The Seventh Circuit concluded, however, that "there [was] nothing in the statement complained of in the letter to Scheltz and his coplaintiffs to confuse anyone." *Id.* at 575.

Like the Plaintiff in this case, the plaintiffs in *Scheltz* also argued that, with regard to the two plaintiffs who were not charged interest, the interest statement was false and in violation of § 1692e. The Seventh Circuit quickly disposed of this claim, noting as follows: "The plaintiffs have an alternative claim that is downright frivolous—that the statement we quoted from the dunning letter is false, and so violated 15 U.S.C. § 1692e, because two of the creditors did not add interest. The letter didn't say they would, only that they might." *Id.* Accordingly, ACS was entitled to summary judgment on the plaintiffs' FDCPA claims.

*Taylor* is clearly analogous to the present case. Here, Capital One apparently closed Davis' account, and (apparently unbeknownst to Davis) her account stopped accruing interest. However, Capital One "presumably . . . could have continued [adding interest] until the debt[ ]

3

was paid." *Id.* Thus, it was not false for URS to notify Davis that her debt *might* accrue interest. This is exactly the situation addressed in *Taylor*.[2]

Despite this precedent, Davis relies on *Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012), and cases from other jurisdictions to support her position. Those cases, however, are distinguishable. For example, in *Lox*, a debt collector stated in its dunning letter that a "court could allow court costs and attorney fees" should the creditor pursue litigation against the plaintiff." *Id.* at 820-21. The Seventh Circuit concluded that this representation was materially false because, "the award of attorney fees was not a possible outcome; thus the statement [was] false." *Id.* at 824. The court further held that "it is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Id.* at 825.

Thus, under *Lox*, Davis argues, after Capital One closed her account and declined to assess any further interest, it was false for URS to claim that her account may continue to accrue interest. Although, under *Lox*, Davis' argument is somewhat compelling, the *Taylor* court already addressed this situation, and *Lox* did not overrule that case.

Davis also points to a case from the Eastern District of Michigan, *McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513 (E.D. Mich. 2013). That case, however, is nonprecedential and

---

[2] Davis argues that Taylor is "inapposite" for two reasons: First, it is based "on the assumption that the creditor still had [the] ability to charge interest," Davis' Resp. at 7,—in other words, the Taylor court "never considered whether the original creditor had [officially] waived interest." *Id.* at 6. Second, Davis argues that URS's interest statement did not contain the qualifying terms "if applicable," which terms were found in the interest statement analyzed in *Taylor*, and which terms inform consumers that interest may only accrue "if the debtor's original debt agreement provided for such interest." *Id.* at 7. Both arguments are without merit. Although, in light of the case law discussed later in this entry, Davis' waiver argument has *some* traction, under the facts of this case, there is currently no way around *Taylor's* holding. Additionally, the "if applicable" language is not necessary where, as here, there is no dispute as to whether Capital One was entitled to seek interest from Davis.

4

entirely distinguishable. In *McDonald*, a debt collector sought to recover interest from the plaintiff on a closed credit card account. The original creditor, however, had "charge-offed" the account and had ceased adding interest before the debt was sold to the debt collector. Thus, according to the court, the debt collector was not entitled to seek interest from the plaintiff. Accordingly, the debt collector made false statements as to the total amount of the debt in its collection letters.

Next, Davis cites to *Beauchamp v. Fin. Recovery Servs., Inc.*, 2011 WL 891320 (S.D.N.Y. 2011). That case is also nonprecedential and distinguishable. In *Beauchamp*, the plaintiff received a dunning letter that contained an interest statement similar to the one used by URS in its letter to Davis. The plaintiff, filed suit against the debt collector arguing, among other things, that the interest statement was false because the debt collector "does not add any interest, late charges, or any other charges to the amount of debt it seeks to collect from any consumer." *Id.* at *1. The court denied the debt collector's motion to dismiss, reasoning as follows:

> If FRS never increases the amount owed beyond that stated in the Letter, . . . then the consumer will in fact have been misled. Because it is plausible, based on the Amended Complaint, that FRS's debt collection practices differ from the representations in the Letter, Beauchamp's allegations are sufficient to support her claims at this stage of the litigation.

*Id.* at *3. These facts are not at issue in the present litigation, and this case is inapplicable to the present matter.

In sum, *Taylor* squarely forecloses Davis' claim against URS. Accordingly, URS's statement warning Davis of *possible* interest charges did not violate the FDCPA.

### IV.    CONCLUSION

For the reasons set forth above, the Defendant's motion for judgment on the pleadings is **GRANTED**.

SO ORDERED: 11/03/14

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.