IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Catherine M. Davis, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>United Recovery Systems, LP, a Texas limited partnership, )<br>)<br>Defendant. ) | No. 1:14-cv-0657-WTL-DML |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff, Catherine M. Davis ("Davis"), individually and on behalf of all others similarly situated, hereby moves this Court, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, to reconsider its Entry granting Defendant's Motion for Judgment on the Pleadings (Dkt. 31). In support thereof, Plaintiff states as follows:

1. In her Complaint -- Class Action, Plaintiff Davis alleged that Defendant United Recovery Systems ("URS"), violated §1692e of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq., ("FDCPA"), by sending her a collection letter which falsely stated that her account "may accrue interest, late charges and other charges that may vary from day to day", when, in fact, as was indicated by a subsequent collection letter, no interest was actually being added. (Dkt. 1 at ¶¶ 7-8, 11-14; Dkt. 1-3, 1-4).

2. Plaintiff's Complaint -- Class Action also alleged that, upon information or belief, that, as a matter of policy, the creditor, Capital One, had ceased adding interest, late charges, and other charges after the account was charged off, see, Dkt. 1 at ¶ 8. In

its Answer, URS denied this allegation, see, Dkt. 12 at ¶ 8.  No discovery has been provided on this issue, and thus, this is a disputed issue of fact.

    3.    Defendant URS moved for Judgment on the Pleadings pursuant to Fed.R.Civ.P. Rule 12(c) (Dkt. 17, 18, 24, 25) and on November 3, 2014, this Court granted Defendant's motion, finding that the holding in <u>Taylor v. Cavalry Investments</u>, 365 F.3d 572 (7th Cir. 2004), is controlling. (Dkt. 31 at p. 2-4).  Although Plaintiff argued that the creditor, Capital One, had waived any right to interest, citing <u>McDonald v. Asset Acceptance LLC</u>, 296 F.R.D. 513, 527 (E.D. Mich. 2013), this court found that:

> Although, in light of the case law discussed later in this entry, Davis' waiver argument has *some* traction, under the facts of this case, there is currently no way around *Taylor's* holding.  Additionally, the "if applicable" language is not necessary where, as here, there is no dispute as to whether Capital One was entitled to seek interest from Davis.

Entry, Dkt. 31 at p. 4, fn. 2 (emphasis in original).

    4.    This key assertion in this Court's Entry is a clear mistake of fact.  Plaintiff **does** dispute that Capital One was entitled to seek interest, late fees or other charges after it charged off Ms. Davis's account.  Although no discovery was produced on this matter, Plaintiff believes that discovery will show that Capital One had waived any right it had to collect interest.  The waiver of interest by Capital One was a strategic business decision, because continuing to add interest would have required Capital One to continue to send periodic statements to Ms. Davis, see, 12 C.F.R. 226.5(b)(2)(i); 12 C.F.R. 226.7; see also, McDonald, 296 F.R.D. at 515-526 (E.D. Mich. 2013)(deponents for both creditors at issue testified that after charge-off, they ceased adding interest to the account as a normal business practice and a strategic business decision, to avoid the expense of sending periodic statements).

5.      Indeed, Ms. Davis' TransUnion credit report indicates that her Capital One debt was closed on June 2, 2013 and charged off; the amount of the debt at that time was $1,854 – the same amount Defendant URS sought in its July 2, 2103 and August 29, 2013 form debt collection letters.  The amount of the Capital One debt, as reported on Ms. Davis' credit report remained $1,854 at least through January of this year.  Clearly, Capital One had waived the right to add any interest, late fees or other charges on this debt.  An excerpt from Ms. Davis' TransUnion Credit Report, is attached as Exhibit A.

6.      Pursuant to Fed.R.Civ.P. Rule 60(b)(1), a party may be relieved from final judgment due to mistake, inadvertence, surprise, or excusable neglect, see, Fed R. Civ. Pro. 60(b)(1).  This Court's Entry is based on the apparently mistaken idea that there is no dispute as to whether Capital One was entitled to charge interest, late fees and other charges on Ms. Davis' charged off account.  The documents attached to the Complaint in this matter show that the debt was not increasing, due to the imposition of any such charges (Dkt. 1-3, 1-4) and, Ms. Davis believes that discovery will show that Capital One did, in fact, waive any remaining right it may have had to impose such charges. Thus, Taylor is not "clearly analogous" to this case (Dkt. 31 at p. 3), nor is its holding applicable to this matter.

7.      Moreover, in granting Defendant's motion, this Court held that McDonald was distinguishable because the original creditor in McDonald had stopped charging interest before it sold the debt at issue to a debt buyer, see, Dkt. 31, p. 4.  In fact, here Capital One stopped charging interest, late fees and other changes when it charged off

3

Ms. Davis' account – just as the creditor in <u>McDonald</u> did – before it sent the debt to Defendant URS for collection.  <u>McDonald</u> is clearly on point.

8.      Although this Court dismissed <u>McDonald</u> as "nonprecedential" (Dkt. 31 at p. 4), the Sixth Circuit recently followed the <u>McDonald</u> holding in <u>Stratton v. Portfolio Recovery Associates, LLC</u>, 2014 U.S.App.LEXIS 20517 (6th Cir. October 24, 2014). Instructively, the Court held that, once waived, contractual interest cannot later be collected by a creditor, an assignee or debt buyer, <u>Stratton</u>, 2014 U.S.App.LEXIS 20517 at [*12].  Moreover, the Sixth Circuit held that the consumer was entitled to discovery as to the defendant's claim that it has some contractual or statutory right to interest which had not been waived, <u>see</u>, <u>Stratton</u>, 2014 U.S.App.LEXIS 200517  at [*11].

9.      Additionally, this Court found "inapplicable" the holding of  <u>Beauchamp v. Financial Recovery Services, Inc.</u>, 2011 U.S Dist.LEXIS 25512 (S.D.N.Y. 2011), which denied a collector's motion to dismiss a consumer lawsuit regarding a dunning letter stating that "Interest, late charges, and other charges may or may not be applicable to this account", when, upon the consumer's information or belief, as a matter of policy, additional charges were <u>never</u> to be added.   The language and facts at issue in <u>Beauchamp</u>, however, are nearly identical to the letters at issue here -- the letters state that interest, late charges, and other charges <u>may</u> be added, neither reference an agreement with an original creditor, and neither debt ever accrued interest, late fees, or other fees, which was proven by the subsequent collection letters.  <u>Beauchamp</u>, therefore, is directly on point and its persuasive reasoning should be taken into consideration in this matter.

WHEREFORE, Plaintiff, Catherine M. Davis, individually and on behalf of all

4

others similarly situated, respectfully requests that this Court reconsider its Entry granting Defendant's motion for judgment on the pleadings (Dkt. 31) in this matter.

                                            Respectfully submitted,

                                            Catherine M. Davis, individually and on behalf of all other similarly situated,

                                            By: /s/ David J. Philipps_____
                                            One of Plaintiff's Attorneys

Dated: November 12, 2014

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 12, 2014, a copy of the foregoing **Plaintiff's Motion for Reconsideration** filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kevin D. Koons                                  kdk@kgrlaw.com
Kroger, Gardis & Regas, LLP
111 Monument Circle
Suite 900
Indianapolis, Indiana 46204

Patrick W. Chinnery                      pchinnery@rockfuscoconnelly.com
Rock Fusco & Connelly LLC
321 North Clark Street
Suite 2200
Chicago, Illinois 60654

John T. Steinkamp                         steinkamplaw@yahoo.com
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227

<u>/s/David J. Philipps</u>
David J. Philipps
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com