UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CATHERINE M. DAVIS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Cause No. 1:14-cv-657-WTL-DML |
| UNITED RECOVERY SYSTEMS, LP, a Texas limited partnership, | ) ) ) ) |
| Defendant. | ) |

### ENTRY ON PLAINTIFF'S MOTION FOR RECONSIDERATION

This cause is before the Court on the Plaintiff's motion for reconsideration (dkt. no. 33). Plaintiff Catherine M. Davis requests that the Court reconsider its decision to grant the Defendant's motion for judgment on the pleadings (dkt. no. 31). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

In granting Defendant United Recovery Systems' ("URS") motion for judgment on the pleadings, the Court noted as follows in a footnote:

> Although, in light of the case law discussed later in this entry, Davis' waiver argument has some traction, under the facts of this case, there is currently no way around *Taylor's* holding. Additionally, the "if applicable" language is not necessary where, as here, *there is no dispute as to whether Capital One was entitled to seek interest from Davis*.

Dkt. No. 21 at 4, n. 2 (emphasis added). Davis argues that the foregoing passage contains a "clear mistake of fact"; that is, Davis "does dispute that Capital One was entitled to seek interest, late fees or other charges after it charged off [her] account." Davis' Mot. at ¶ 4. Davis, however, takes the footnote out of context. The entire footnote reads as follows:

> Davis argues that *Taylor* is "inapposite" for two reasons: First, it is based "on the assumption that the creditor still had [the] ability to charge interest," Davis' Resp.

> at 7,—in other words, the *Taylor* court "never considered whether the original creditor had [officially] waived interest." *Id.* at 6. Second, Davis argues that URS's interest statement did not contain the qualifying terms "if applicable," which terms were found in the interest statement analyzed in *Taylor*, and *which terms inform consumers that interest may only accrue "if the debtor's original debt agreement provided for such interest." Id. at 7.* Both arguments are without merit. Although, in light of the case law discussed later in this entry, Davis' waiver argument has *some* traction, under the facts of this case, there is currently no way around *Taylor's* holding. Additionally, the "if applicable" language is not necessary where, as here, *there is no dispute as to whether Capital One was entitled to seek interest from Davis*.

Dkt. No. 21 at 4, n. 2 (emphasis added). When read in context, it is clear that the Court's reference to "whether Capital One was entitled to seek interest from Davis" refers to "the debtor's original debt agreement" and Capital One's ability to seek interest on Davis' unpaid account in the first place—not Capital One's ability to seek interest after it closed Davis' account. Again, Davis does not dispute that Capital One was entitled to seek interest on Davis' unpaid account before it allegedly closed her account. Thus, the Court was not mistaken regarding the facts or the arguments at issue in this case.

Notwithstanding the foregoing, the Court is still unconvinced that *Taylor v. Cavalry Inv., LLC*, 365 F.3d 572 (7th Cir. 2004) does not control the present case. Thus, the Plaintiff's motion for reconsideration is **DENIED**.

SO ORDERED: 1/07/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.